UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

OCT 0 5 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-537-GWU

GEORGE D. WOODS,

PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

George Woods brought this action to obtain judicial review of an

unfavorable administrative decision on his applications for Disability Insurance

Benefits and for Supplemental Security Income. The case is before the Court on

cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If
yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R.
404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or
mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not
disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
impairment(s) significantly limiting the claimant's physical or mental ability
to do basic work activities? If yes, proceed to step 4. If no, the claimant is
not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in
death or last for a continuous period of at least 12 months? If yes,
proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R.
404.920(d), 416.920(d).
5.      Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.   Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Woods, a 36 year-old former gas station attendant and coal miner with a "limited" education, suffered from impairments related to a history of back pain, bilateral knee pain and high blood pressure. (Tr. 17, 22). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the claimant would still be able to perform his past relevant work as a gas station attendant, he could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in finding that Woods did not suffer from a "severe" mental

5

impairment. Psychologist James Leisenring, an examining consultant, diagnosed a mixed anxiety and depressive disorder as well as mild mental retardation. (Tr. 197). The examiner indicated that the plaintiff would be "significantly impaired" in his ability to understand, remember and carry out instructions as well as "rather compromised" in his ability to respond appropriately to co-workers, supervision and work pressures. (Tr. 197-198). The claimant sought treatment for his mental problems at the Cumberland River Comprehensive Care Center. (Tr. 182-193, 253-266). Woods was diagnosed with major depression and post-traumatic stress disorder. (Tr. 193). Although specific mental restrictions were not identified, the plaintiff's Global Assessment of Functioning (GAF) was rated at 55. (Tr. 193). Such a GAF suggests the existence of at least "moderate" psychological symptoms according to the American Psychiatric Association, Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Thus, these exhibits strongly support the existence of a mental impairment.

Psychologists Edward Ross (Tr. 222-236) and Steven Scher (Tr. 237-251), the non-examining medical reviewers, each opined that Woods did not suffer from a "severe" mental impairment. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Scher merely indicated that he was affirming the earlier opinion of Ross (Tr. 249), and, so, his opinion was not sufficient to offset that of the actual examining sources. Ross did indicate that Leisenring's opinion was not well-supported. (Tr. 234). The reviewer seemed to suggest that the claimant's successful work history was not compatible with Leisenring's finding of mild mental retardation. (Tr. 234). However, Leisenring also diagnosed a mixed

6

anxiety and depressive disorder and the restrictions regarding co-workers, supervision and work pressures were specifically attributed to this condition. (Tr. 198). Ross did not address this portion of Leisenring's report. Furthermore, he made absolutely no mention of the Cumberland River treatment records which indicate the existence of "moderate" psychological symptoms. Therefore, the opinion of Ross was insufficient to offset those of the treating sources.

Social Security Ruling 85-15 indicates that such mental factors as the ability to understand, remember and carry out simple instructions, respond appropriately to supervision, co-workers, and usual work situations, and dealing with changes in a routine work setting are crucial in one's ability to perform unskilled work. A "substantial loss of ability" in any one of these areas can have a significant affect on the potential job base. Thus, Woods' restrictions with regard to dealing with supervision, co-workers and work pressures could preclude performance of his past relevant gas station work. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded for further consideration. Therefore, the Court must grant the plaintiff's summary judgment, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___5___ day of October, 2005.

G. WIX UNTHANK
SENIOR JUDGE

7